United States District Court
District of Massachusetts

|  |  |
|---|---|
| Credit Acceptance Corporation,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>Maura T. Healey,<br>in her official capacity<br>as Attorney General of the<br>Commonwealth of<br>Massachusetts,<br><br>　　　　Defendant. | Civil Action No.<br>20-11572-NMG |

**MEMORANDUM & ORDER**

**GORTON, J.**

　　This case arises from an enforcement action brought in Massachusetts Superior Court by Maura Healey, the Attorney General of the Commonwealth of Massachusetts ("Attorney General" or "defendant") against Credit Acceptance Corporation ("CAC" or "plaintiff") for its allegedly unfair or deceptive practices related to its collection of debts on automobile loans. After receiving notice of the Attorney General's intent to initiate the enforcement action, CAC filed suit in this Court challenging the constitutionality of a regulation prohibiting certain debt collection communications. Pending before the Court is

defendant's motion to dismiss the complaint on Younger abstention grounds.

I. **Background**

**A. The Regulation of Dept Collection Practices in Massachusetts**

Massachusetts law prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce." M.G.L. c. 93A, § 2(a).  The Attorney General is authorized to make rules and regulations interpreting that prohibition. Id. § 2(c).

One such regulation relevant to the instant action prohibits a creditor from initiating communications with debtors more than twice in a seven-day period. See 940 C.M.R. § 7.04(1)(f) ("the Regulation").  The Massachusetts Supreme Judicial Court has interpreted the Regulation as prohibiting more than two attempted calls within a seven-day period even if both attempts were unsuccessful. See Armata v. Target Corp., 480 Mass. 14, 19-20 (2018).

The Attorney General may bring enforcement actions against any person it believes to be in violation of the Regulation. See M.G.L. c. 93A, § 4.  It can also seek a range of penalties including civil penalties, restitution and reimbursement for the reasonable costs of investigating and litigating the purported violations. Id.

**B. Factual and Procedural Background**

CAC is a Michigan corporation which offers a finance program allowing approved car dealerships ("Dealers") to sell vehicles on credit to consumers. Through that program, it accepts assignment of retail installment sales contracts ("Contracts") between Dealers and their customers. Plaintiff then administers, services and collects payments from consumers pursuant to the Contracts. In so doing, CAC often communicates with consumers by telephone with respect to non-payment of installments and amounts due.

Several years ago, the Attorney General began investigating CAC for possible violations of the Regulation. In November, 2017, plaintiff became aware of the investigation when the Attorney General requested information concerning the frequency of its collection calls to consumers.

On August 19, 2020, the Attorney General sent a letter to plaintiff signaling her intent to bring an action against CAC to enforce the Regulation. Two days later, CAC filed the instant action in this Court seeking a declaration that the Regulation unconstitutionally restricts speech in violation of the First Amendment to the United States Constitution. On August 28, 2020, the Attorney General filed a civil complaint against CAC

in Massachusetts Superior Court for Suffolk County alleging, inter alia, violations of the Regulation.

Defendant filed its motion to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(1) in September, 2020, which plaintiff timely opposed.

## II. Motion to Dismiss

### A. Legal Standard

In opposing a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the plaintiff bears the burden of establishing that the Court has jurisdiction. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992).  If the defendant mounts a "sufficiency challenge," the court will assess the sufficiency of the plaintiff's jurisdictional allegations by construing the complaint liberally, treating all well-pled facts as true and drawing all reasonable inferences in the plaintiff's favor. Valentin v. Hospital Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001).  That being said, a plaintiff cannot assert a proper jurisdictional basis "merely on unsupported conclusions or interpretations of law." Johansen v. United States, 506 F.3d 65, 68 (1st Cir. 2007) (internal citations and quotations omitted).

If, however, the defendant advances a "factual challenge" by controverting the accuracy, rather than the sufficiency, of the alleged jurisdictional facts, "the plaintiff's jurisdictional averments are entitled to no presumptive weight" and the court will consider the allegations by both parties and resolve the factual disputes. Valentin, 254 F.3d at 363.  The court has "broad authority" in conducting the inquiry and can, in its discretion, consider extrinsic evidence in determining its own jurisdiction. Id. at 363-64.

### B. **Younger Abstention**

The Attorney General contends that dismissal of this action is warranted because the doctrine of Younger abstention purportedly compels this Court to decline jurisdiction by abstaining from interfering with the enforcement action pending in Massachusetts state court.

As fully described in Younger v. Harris, 401 U.S. 37 (1971), the Younger doctrine "counsels federal-court abstention when there is a pending state proceeding." Moore v. Sims, 442 U.S. 415, 423 (1979).  The doctrine derives from "principles of equity, comity, and federalism." Steffel v. Thompson, 415 U.S. 452, 460 (1974).

The First Circuit has identified a three-step analysis to determine whether a federal court should abstain pursuant to the Younger doctrine. Sirva Relocation, LLC v. Richie, 794 F.3d 185, 192-93 (1st Cir. 2015).  First, the pending state proceeding must fall into one of three categories: 1) criminal prosecutions, 2) civil proceedings that are "akin to criminal prosecutions" ("quasi-criminal proceedings") or 3) civil proceedings that "implicate a State's interest in enforcing the orders and judgments of its courts." Id. at 192 (citing Sprint Communs., Inc. v. Jacobs, 571 U.S. 69, 73 (2013)).

Second, the case must satisfy the three Middlesex factors, i.e. 1) the state proceeding is ongoing, 2) it involves significant state interests and 3) it provides an adequate opportunity for the plaintiff to raise his federal claims in state court. Brooks v. N.H. Supreme Court, 80 F.3d 633, 638 (1st Cir. 1996); see also Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982).

Finally, courts consider whether any exceptions to the Younger doctrine apply. Sirva, 794 F.3d at 193.  Abstention is inappropriate if 1) the state proceeding is brought "in bad faith" to harass, 2) the state forum cannot adequately protect federal rights or 3) the state statute is "flagrantly and

patently violative of express constitutional prohibitions." Id. at 192.

If a case satisfies all three prongs of the Younger analysis, federal courts must abstain from exercising jurisdiction even if the plaintiff asserts that important federal rights are at stake. See In re Justices of Superior Court Dep't of Mass. Trial Court, 218 F.3d 11, 17 (1st Cir. 2000) (collecting cases).

**C.   Application**

The Attorney General asserts that dismissal of the instant action is appropriate under Younger because the state civil proceeding is a quasi-criminal proceeding, the Middlesex factors support abstention and no exception to the Younger doctrine applies.  CAC challenges the application of Younger on two grounds.  It contends that the state court action does not fit into the quasi-criminal category of "state civil proceedings that are akin to criminal prosecutions." Sprint, 571 U.S. at 72. Even if the state proceeding satisfied all three prongs of the Younger analysis, CAC asserts that abstention is also unwarranted because the purported excessive delay of the Attorney General in the enforcement of the Regulation has

impermissibly impaired its rights to free speech under the First Amendment.

### 1. Quasi-Criminal Proceeding

The United States Supreme Court in Sprint described the "hallmarks" of such proceedings, including 1) they are characteristically initiated to "sanction the federal plaintiff" for a wrongful act, 2) a state actor is "routinely a party to...and often initiates" the state court action, and 3) there is often an investigation that has culminated in a formal complaint or charges. Sirva, 794 F.3d at 193 (citing Sprint, 571 U.S. at 79-80).

There is no dispute that the Attorney General, a state actor, initiated the enforcement action against CAC. The parties' disagreement focuses, therefore, on whether the state action embodies the other two characteristics of quasi-criminal proceedings.

The Attorney General has persuasively demonstrated that the state action constitutes the kind of civil enforcement proceeding to which Younger applies. According to defendant, the state action was brought to enforce the Commonwealth's consumer protection laws and to punish CAC for alleged violations of those laws. As noted by both parties, the action

was filed after a multi-year investigation.  Although no criminal charges have been filed against CAC, the Sprint factors are not meant to be interpreted so strictly as to require the invocation of specific criminal law procedures. See Bristol-Myers Squibb Co. v. Connors, 979 F.3d 732, 737 (9th Cir. 2020) ("Nothing in the Court's opinion [in Sprint] suggests that the characteristics it identified should be treated as a checklist.").

CAC contends that the absence of a criminal law analog to M.G.L. c. 93A ("Chapter 93A") demonstrates that the state action lacks an essential characteristic of quasi-criminal proceedings. Yet whether the Attorney General could have prosecuted CAC under a criminal law analog to Chapter 93A does not significantly alter the analysis.  The First Circuit has made clear that the availability of parallel criminal sanctions, while perhaps relevant,

> is not a necessary element when the state proceeding otherwise sufficiently resembles a criminal prosecution.

Sirva, 794 F.3d at 194.  Requiring that criminal penalties be sought or criminal conduct alleged would improperly remove civil enforcement actions from the scope of Younger. See Middlesex, 457 U.S. at 432 ("The policies underlying Younger are fully

applicable to noncriminal judicial proceedings when important state interests are involved.").

This Court concludes that the state enforcement action includes the hallmarks of a quasi-criminal proceeding to which the Younger doctrine applies.

### 2.   Excessive Delay

CAC insists that abstention is inappropriate because the Attorney General's delay in filing suit has so chilled its First Amendment rights as to require this Court's intervention.

This Court recognizes that enforcement of the Regulation raises legitimate First Amendment concerns.  It does not follow, however, that CAC is entitled to federal judicial scrutiny of the Regulation at this juncture because CAC has not shown that it lacks an "adequate opportunity in the state proceedings to raise constitutional challenges" as required by the third Middlesex factor. Middlesex, 457 U.S. at 432.  Except in extreme cases, federal courts

> must presume that state courts, consistent with the imperatives of the Supremacy Clause, see U.S. Const. art VI, are fully competent to adjudicate federal constitutional and statutory claims properly presented by the parties.

Casa Marie, Inc. v. Superior Court of Puerto Rico, 988 F.2d 252, 262 (1st Cir. 1993).

Here, the Court need not presume that a Massachusetts state court is competent to hear such claims because CAC has already raised its constitutional arguments in the state enforcement action. In fact, CAC was able to present fully its constitutional challenge in state court more quickly than in this Court, weakening the argument that the investigatory delay supports federal intervention. As a result, CAC's valid First Amendment concerns do not override the factors supporting abstention.

The cases cited by CAC do not support a different result. Zwickler v. Koota, 389 U.S. 241 (1967) was decided prior to Younger and its progeny which have clarified that the existence of First Amendment concerns does not automatically justify federal court intervention. See Younger, 401 U.S. at 50 (concluding that the "chilling effect" of a criminal prosecution under a statute regulating expression "should not by itself justify federal intervention"); Conover v. Montemuro, 328 F. Supp. 994, 995 (E.D. Pa. 1971) (observing that Younger and subsequent decisions held that federal courts may not interfere with state criminal prosecutions "in order to decide constitutional questions" absent a showing of bad faith harassment). Notably, the courts in the other two cases cited by CAC considered and rejected arguments that undue delay

rendered abstention inappropriate under the circumstances, ultimately affirming the lower court dismissals pursuant to Younger abstention. See Sirva, 794 F.3d at 196, 200; Nissan Motor Corp. v. Harding, 739 F.2d 1005, 1011 (5th Cir. 1984) ("We . . . cannot say that the delay involved in this case outweighs the factors counseling abstention.").

### 3. Middlesex Factors & Exceptions

Having determined that the state action qualifies as a quasi-criminal proceeding, it is necessary to assess whether it satisfies the Middlesex factors and whether any exception to the Younger doctrine applies.

First, all three Middlesex factors are met. There is no dispute that the Massachusetts action against CAC is ongoing or that the enforcement of consumer protection laws implicates an important state interest. See Getty Petroleum Corp. v. Harshbarger, 807 F. Supp. 855, 858 (D. Mass. 1992) ("[T]he Commonwealth has a substantial interest in enforcing the group of statutes that includes Chapters 93E and 93A."). As noted above, CAC not only has had the opportunity to present its federal claims in state court but has already done so.

Second, no exception to the Younger doctrine applies here. There is no indication, and plaintiff does not contend, that the

Attorney General is pursuing the enforcement action against CAC in bad faith.  As to the protection of plaintiff's federal rights, the state forum is presumed to be competent. See Casa Marie, Inc., 988 F.2d at 262.  Finally, the challenged state law is not so constitutionally problematic that abstention is warranted.  Although United States District Judge Richard Stearns has held that a related emergency regulation likely violated the First Amendment, see ACA Int'l v. Healey, 457 F. Supp. 3d 17 (D. Mass. 2020), this Court cannot conclude that the Regulation itself flagrantly violates the First Amendment

> in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it.

Younger, 401 U.S. at 53-54 (internal citation omitted).

Accordingly, the Court concludes that the pending state proceeding satisfies all three prongs of the Younger analysis and it must, therefore, abstain from exercising jurisdiction over the instant action.

**ORDER**

For the forgoing reasons, the motion of defendant Maura Healey, in her official capacity as the Attorney General of Massachusetts, to dismiss the complaint (Docket No. 12) is **ALLOWED**.  Plaintiff's complaint is hereby **DISMISSED** because the Court abstains from asserting jurisdiction over the action.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated June 10, 2021